IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

KIMBERLY WASHINGTON                                                                                       PLAINTIFF

v.                                           No. 5:06CV00042 GH

BEVERLY ENTERPRISES, INC.; ET AL.                                 DEFENDANTS

### **ORDER**

On June 12th, plaintiff filed an amended complaint alleging violation of the Family and Medical Leave Act ("FMLA"), the Pregnancy Discrimination Act ("PDA"), sex and race discrimination in terms and conditions of employment including wrongful discharge, and failure to rehire along with retaliation for engaging in protected activity.

Defendants filed, on August 14th, a motion for judgment on the pleadings on the claims of race discrimination, retaliation and violation of the FMLA. They contend that plaintiff was not protected by the FMLA at the time of her termination because she had exhausted any FMLA leave to which she may have been entitled at the time of her discharge and she did not exhaust the administrative prerequisites to suit under Title VII as to her claims of race discrimination and retaliation by failing to assert them in her EEOC charge. Attached to the motion is a copy of the EEOC charge where only sex and pregnancy are mentioned.

On August 25th, plaintiff responded that her FMLA claim does not fail since the FMLA covers both interference and retaliation claims and basing an adverse employment action on an employee's use of leave such as discharging her or refusing to rehire her for having taken or

requesting to take leave – which she alleges here – is actionable.  While she admits that she did not allege race discrimination or retaliation before the EEOC, plaintiff contends that her amended complaint clearly alleges race discrimination and retaliation under 42 U.S.C. §1981 which does not require exhaustion of any administrative remedies.

Defendants filed a reply on September 8th noting that plaintiff does not contest the motion with regard to her claims under Title VII of race discrimination and retaliation.  They continue that her FMLA claim fails because she did not return to work after exhausting leave to which she was allegedly entitled under the FMLA as she admits that she was on leave for over five months – far in excess of the twelve weeks provide for under FMLA.  Defendants counter that the cases relied upon by plaintiff to not support her position that FMLA is relevant if she was discharged or not rehired for having taken or requesting to take the leave.  They argue that she cannot cite any authority where a plaintiff who did not qualify for FMLA leave[1] and took a leave of absence of significantly longer than the twelve weeks provided for under the FMLA successfully pursued a cause of action under the FMLA.

The standard to be applied in assessing a motion for judgment on the pleadings under Civil Procedure Rule 12(c) is found in Dillard's Inc. v. Liberty Life Assur. Co. of Boston, 456 F.3d 894, 899 (8th Cir. 2006), as follows:

> Judgment on the pleadings is proper if there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law.  Id.[2]  We accept as true all facts

---

[1] Defendant state that although it is not evident from the face of the amended complaint, plaintiff had not worked the statutorily required twelve months at the time she began her leave of absence and so was not protected by the FMLA.

[2] Faibisch v. Univ. of Minn., 304 F.3d 797, 803 (8th Cir.2002).

pleaded by the nonmoving party, and we grant all reasonable inferences from the pleadings in favor of the nonmoving party.  Id.

See also, Williams v. Bradshaw, 459 F.3d 846 (8th Cir. 2006).

In light of plaintiff's admission that she did not allege race discrimination or retaliation before the EEOC, defendants are entitled to judgment on the Title VII claims.  However, as pointed out by plaintiff, there is no exhaustion requirement to pursue her claims of race discrimination and retaliation under 42 U.S.C. §1981 so judgment is not appropriate.

Turning to the claims under the FMLA, a portion of the Eighth Circuit's discussion of the two types of FMLA claims in Stallings v. Hussmann Corp., 447 F.3d 1041, 1051-1052 (8th Cir. 2006), is set out below:

> Confusion often arises as to whether an employee's FMLA claim "is really about interference with his substantive rights, not discrimination or retaliation."  Kauffman v. Fed. Express Corp., 426 F.3d 880, 884 (7th Cir. 2005).  The difference between the two claims is that the interference claim merely requires proof that the employer denied the employee his entitlements under the FMLA, while the retaliation claim requires proof of retaliatory intent. Id.  "Although in some circumstances, a given set of facts will fall clearly into either (a)(1) or (a)(2), it appears that the lines between the two categories are not hard and fast." Dillaway v. Ferrante, No. Cir. 02-715 (JRT/JSM), 2005 WL 23109696, at *5 (D. Minn. Dec. 9, 2003) (unpublished).
>
> ****
>
> The FMLA prohibits employers from discriminating against an employee for asserting his rights under the Act.  Darby v. Bratch, 287 F.3d 673, 679 (8th Cir. 2002) (citing 29 U.S.C. § 2615(a)(2)).  "This prohibition necessarily includes consideration of an employee's use of FMLA leave as a negative factor in an employment action."  Id.  "Basing an adverse employment action on an employee's use of leave ... is therefore actionable." Smith v. Allen Health Sys., Inc., 302 F.3d 827, 832 (8th Cir. 2002).

Accepting as true all the facts alleged by plaintiff in her amended complaint, the Court cannot say at this stage of the proceedings that defendants are entitled to judgment as a matter of

law.  Both defendants' brief and their reply raise facts outside the pleadings that cannot be properly considered in this context.

Accordingly, defendants' August 14th motion (#17) for judgment on the pleadings is granted in part as to the Title VII claims and is denied in part as to the claims under §1981 and FMLA.

IT IS SO ORDERED this 9th day of March, 2007.

/s/ George Howard, Jr.
UNITED STATES DISTRICT JUDGE